**Manuel Alberto GARCIA,
Petitioner–Appellant,**

v.

**G.J. GIURBINO, Warden, Attorney General of the State of California, Respondents–Appellees.**

No. 01–56204.

D.C. No. CV–01–01410–R.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2002.*

Decided Sept. 17, 2002.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER, District Judge.**

MEMORANDUM***

The petitioner, Manuel Alberto Garcia, was convicted in state court of first degree murder. His conviction was affirmed on direct appeal. He then filed a federal habeas petition in the district court pursuant to 28 U.S.C. § 2254. The district court denied the petition and denied Garcia's request for a certificate of appealability. This court issued a certificate of appealability. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act, to succeed on his federal habeas petition, Garcia must demonstrate that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see Williams v. Taylor, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Garcia not only fails to meet this burden, he fails to demonstrate that any violation of federal law took place.

■ Garcia argues that the state court violated his Sixth Amendment right to present a defense and his Fourteenth Amendment right to due process by excluding expert testimony on the effect of his intoxication. We disagree. The state court did not prevent the expert from testifying. Instead, the court held that the

expert could not use Garcia's self-serving hearsay as a basis for his expert opinion because that hearsay was not corroborated by any evidence at trial. See Cal. Evid. Code § 801 (evidence relied upon by an expert need not be admissible, but must be "of a type that reasonably may be relied upon by an expert"); cf. Fed.R.Evid. 703 (creating a similar federal standard). Garcia "does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylor v. Illinois, 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); see also United States v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). The state court's ruling did not violate Garcia's constitutional rights; it merely prevented Garcia's expert from basing his testimony on unreliable evidence.

■ Garcia also contends that the state court violated his Sixth Amendment right to present a defense and to the assistance of counsel, because the trial court instructed his counsel at closing argument that he could not argue for perfect or imperfect self-defense based upon the victim's blood alcohol level of .20. There was no Sixth Amendment violation.

To demonstrate perfect or imperfect self-defense, Garcia must have believed he faced a threat of death or great bodily injury. See People v. Humphrey, 13 Cal.4th 1073, 1082, 56 Cal.Rptr.2d 142, 921 P.2d 1 (1996). No evidence to support such a belief was presented at trial, and the victim's blood alcohol level, unconnected to any evidence that Garcia acted in self-defense, did not support the argument

---

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Garcia contends his counsel was prevented from making.

AFFIRMED.